UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZELDA TAYLOR, #872106,

       Petitioner,

v.                                      CASE NO. 2:15-CV-11960
                                       HONORABLE GERALD E. ROSEN

ANTHONY STEWART,

       Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

The Court has before it Michigan prisoner Zelda Taylor's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner did not pay the required $5.00 filing fee when she instituted this action, nor did she submit an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a); 28 U.S.C. § 1915; Rule 3 of the Rules Governing § 2254 Cases. The Court, therefore, issued an Order to Correct Deficiency on June 9, 2015 requiring Petitioner to either pay the filing fee or submit a properly completed *in forma pauperis* application. The order provided that if she did not do so within 21 days, her case would be dismissed. The time for submitting the filing fee or required information has elapsed and Petitioner has failed to correct the deficiency. In response to the Court's order, Petitioner submitted a letter dated June 15, 2015 indicating that she had requested the $5.00 filing fee from the prison business office, that she believed that the check had been issued, and that she would provide confirmation to the Court as soon as possible. In the ensuing months, however, the Court has not received the filing fee – or any further correspondence

from Petitioner. It is Petitioner's responsibility to ensure that the fee is received by the Court. She has not done so.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of the petition. This case is **CLOSED**. Should Petitioner wish to seek federal habeas relief in this Court, she may submit a new habeas petition with payment of the filing fee or an *in forma pauperis* application.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas petition, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 6, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 6, 2015, by electronic and/or ordinary mail.

                s/Julie Owens
                Case Manager, (313) 234-5135